## ARTHUR FRENCH *versus* NATHAN W. NEAL *et al.*

A paper belonging to the files of the court cannot regularly be withdrawn from the clerk's office without the permission of the court.

Where an action brought upon a promissory note was tried upon the merits and a verdict and judgment rendered against the plaintiff, and the note was given in evidence and of course placed on the files of the court, and another action was brought upon the same note by the same plaintiff against the same defendant, it was *held*, that the plaintiff ought not to have permission to take the note from the files in order to use it as evidence in support of his second action.

A judgment in a former action between the same parties and for the same cause of action, is admissible in evidence under the general issue.

If, in an action brought against one of two joint promisors, the non-joinder of the other promisor is not pleaded in abatement, but the case is tried on the merits and judgment is rendered against the plaintiff, and another action for the same cause of action is brought by the same plaintiff against the two promisors, the parties in the two actions are, within the rule of law, the same.

The same principles were held to apply to the following case : — The two actions were upon a note indorsed to the plaintiff in blank and declared on by him as indorsee, but at the trial of the first action he filled up the blank so as to make the note payable to him as agent of the payee ; the defendant objected, in the first action, that the note, with the indorsement thus filled up, did not support the declaration, but it was admitted in evidence, and a verdict and judgment rendered against the plaintiff on the merits.

ASSUMPSIT against nine defendants, being the signers of a contract in which they respectively agreed to be interested, in certain proportions, in the brig Plant and her cargo, on a voyage to California. (See the case of *French v. Price et al.*, *ante*, 13.) The writ contained five counts. The first was upon a promissory note payable to the plaintiff or order. The second and third were upon notes payable to third persons, and by them indorsed to the plaintiff. All the notes were alleged to have been made by the defendants as copartners under the name of Henry Price & Co. The fourth count was for goods sold, and work and labor performed, and included also the common money counts. The fifth was upon an *insimul computassent*. The defendants pleaded the general issue.

At the trial, before *Wilde* J., the plaintiff's counsel stated that they expected to prove, that the notes were given for goods sold and delivered by the several payees ; that the goods were purchased by Henry Price and Fitz James Price, two of the defendants jointly negotiating in the name and style of Henry Price & Co., for themselves and as agents of the

French
v.
Neal.

other defendants, for an adventure in the brig Plant to California, in which adventure all the defendants were copartners and by law jointly liable for the purchase money ; and further, that at the time the respective payees sold and delivered the goods and took the notes of H. Price & Co., they were ignorant of the existence of such copartnership or of the liability of any other persons than H. & F. J. Price, for the purchase money ; and the counsel stated, that on these facts, if proved, they should contend that by law the notes were the notes of all the defendants, or if not, then that the notes so taken were not by law payment for the goods.

The plaintiff's counsel then offered to read in evidence the note payable to the plaintiff. The defendants objected to its being read in evidence, on the ground that the same note had been formerly put in suit in an action (*French* v. *Price et al.*) by the same plaintiff against all the same defendants except one, (E. Copeland, junior,) in which action judgment was rendered for the defendants ; and they thereupon offered in evidence a copy of the judgment duly authenticated.

The plaintiff did not deny that this was the same note that was in suit in the former action, but objected that the judgment could not be thus given in evidence under the general issue, but must be pleaded ; and he further objected, that the judgment, not being between the same parties, was no bar to a recovery in this action, even if pleaded properly. The judge overruled both of these objections, reserving the questions.

The plaintiff then proposed to give in evidence, under the count for goods sold and delivered, the original contract of purchase of the goods ;- on the ground, that the Court having determined in the former action that the notes were not the notes of all the defendants, but of H. and F. J. Price alone, he had a right to show that the notes, under the circumstances, were not the payment and extinguishment of the claims against the defendants for goods sold and delivered ; and he denied that in the former action any evidence under the counts for goods sold and delivered was offered ; and so affirmed that the former judgment was no bar to this action.

Whereupon the defendants stated, that the notes were the same that had been sued in the former action by French,

(which was not denied by the plaintiff,) and that the notes and all other papers offered or relied on by the plaintiff belonged to the files of the court in the former action, and were not properly in the plaintiff's possession.   They also stated, that in the former action it was proved that the notes were given for goods purchased by the Prices for the brig Plant, and the bills of parcels were then produced, duly receipted by the plaintiff and the other vendors, and that the plaintiff had no other demand against the defendants for goods sold and delivered.   And the defendants thereupon moved the Court, that the papers be taken from the plaintiff and restored to the files, and that the plaintiff be nonsuited.   The judge thereupon directed the papers to be restored to the files, and the plaintiff to become nonsuit, subject to the opinion of the Court.

Before the nonsuit was entered, the plaintiff further stated, and offered to prove, that the notes set forth in the second and third counts, when they were offered in evidence at the trial of the former action, were indorsed in blank by the payees, and that upon the motion of the defendants and by order of the judge, the plaintiff was required, before the notes could go to the jury, to fill up the blank indorsements, which was done at the bar by his counsel, under misconception, in the following words : " Pay the contents to Arthur French as our agent ; " and that afterwards, on the trial, and at the argument before the whole Court, the defendants contended that the indorsements did not pass the property in the notes, but merely created an agency or authority in the plaintiff which must be pursued in the names of his principals, and so, that no recovery could be had on the notes in the former action.   And the plaintiff insisted at the present trial, that by law the indorsements did not pass the property in the notes to him, and that he could not in the former action have obtained judgment on the notes, and so the same were not barred by the former judgment ; and thereupon he now moved to strike out the words above quoted, and so fill up the indorsements as to enable him to recover in this action.   But the defendants affirmed that the indorsements were filled up deliberately, and that in the trial, and at the argument, of the cause of *French* v. *Price et al.*, the plaintiff insisted that the indorsements so

French
v.
Neal.

filled up were sufficient to enable him to recover the contents of the notes in his own name, as trustee for the payees, or otherwise, and so they were permitted to go to the jury in the former cause. The judge overruled this motion, and decided not to permit the indorsements to be altered.

Whereupon a nonsuit was entered, subject to the opinion of the whole Court on the foregoing rulings and orders of the judge.

*March 6th,*
1834.

*Fletcher* and *Bartlett*, for the plaintiff. On the point, that the former judgment was not between the same parties, (Copeland being joined as a defendant in the present action, and having been a witness in the other,) and consequently was inadmissible in evidence, they cited 1 Stark. Ev. 190, 195, 196: 1 Phil. Ev. (7th ed.) 323 ; *Kitchen* v. *Campbell*, 3 Wils. 304 ; *S. C.* 2 W. Bl. 827 ; *Hooper* v. *Hooper*, M'Cleland & Younge, 509 ; *Howard* v. *Mitchell*, 14 Mass. R. 242.

They also contended that the causes of action were not identical ; and as to the indorsed notes, they said there was no trial on the merits in the former action, for being indorsed to the plaintiff as agent, he could not recover on them in his own name ; *Rice* v. *Stearns*, 3 Mass. R. 225 ; *Thatcher* v. *Winslow*, 5 Mason, 58 ; Chitty on Bills, (6th ed.) 137 ; 5 Bac. Abr. (Eng. ed. 1832,) 547, *Merchant, &c. M* 5 ; *Clark* v. *Pigot*, 1 Salk. 126 ; *Gunn* v. *Cantine*, 10 Johns. R. 387 ; *Gilmore* v. *Pope*, 5 Mass. R. 491 ; *Edie* v. *East India Co.* 2 Burr. 1226, 1227 ; *Ancher* v. *Bank of England*, 2 Doug. 639 ; *Treuttel* v. *Barandon*, 8 Taunt. 100 ; *Snee* v. *Prescott*, 1 Atk. 249 ; and that having been indorsed originally in blank, the plaintiff should be permitted to strike out the special indorsement. *Northampton Bank* v. *Pepoon*, 11 Mass. R. 288 ; *Josselyn* v. *Ames*, 3 Mass. R. 274.

*Hubbard* and *C. P. Curtis*, for the defendants, cited to the point of the identity of the parties in the two actions, *Ward* v. *Johnson*, 13 Mass. R. 148 ; *Robertson* v. *Smith*, 18 Johns. R. 481 ; *Brockway* v. *Kinney*, 2 Johns. R. 210 ; *Rice* v. *King*, 7 Johns. R. 20 ; *Irwin* v. *Knox*, 10 Johns. R. 365 ; *Homer* v. *Fish*, 1 Pick. 435 ; *Patten* v. *Caldwell*, 1 Dallas, 419 ; *Calhoun's Lessee* v. *Dunning*, 4 Dallas, 120 ; and to the point, that the form of indorsement on the notes de-

scribed in the second and third counts would not prevent a recovery on them in the former action, *Brigham* v. *Marean*, 7 Pick. 40 ; *Binney* v. *Marchant*, 6 Mass. R. 190; *Conroy* v. *Warren*, 3 Johns. Cas. 259 ; *Lovell* v. *Evertson*, 11 Johns. R. 52 ; *Mauran* v. *Lamb*, 7 Cowen, 174 ; *Ogilby* v. *Wallace*, 2 Hall, (New York,) 553 ; *Garr* v. *Gomez*, 9 Wendell, 653.

MORTON J. delivered the opinion of the Court. This action was tried on the general issue, and several questions arose upon the trial, which were reserved for the consideration of the whole Court.

The first step which the plaintiff was necessarily required to take, to support the first three counts in his declaration, was to offer the notes therein declared on. These notes had been used in a former trial ; and of course were in the custody of the court. The fact that the clerk had lent the papers to the plaintiff's counsel, and that he then had the manual possession of them, cannot produce the slightest change in the question to be considered. The clerk is the agent of the court, for the purpose of preserving all original documents used by order of the court, as well as for keeping a true record of all their proceedings. He, by law, has the custody of all the papers and records of the court, and it is his duty to keep them under his own control at all times. If he accommodates the bar with the occasional inspection and use of them, it is by courtesy ; and they are bound to restore them when required. They are, in legal contemplation, always on the files of the court.

No person has a right to withdraw any papers. It can only be done by an order of the court. Whether such order shall pass, and if it does pass, upon what terms, is a matter within the discretion of the court. A motion to withdraw papers, is one which the court will generally grant, either with or without the condition, that copies be left. But it is obvious, that cases may arise, in which it would be their duty to deny such application.

The present point comes before us substantially upon an application of the plaintiff to withdraw the notes in question from the files of the former trial, for the purpose of giving

French
*v.*
Neal.

.them in evidence in this. Ought this motion to be granted ? Will it promote the ends of justice ?

I will, in the first place, consider the question in reference to the note payable to the plaintiff, and then inquire whether the indorsed notes stand on any different ground.

The plaintiff commenced an action on this note against eight of the nine defendants. The non-joinder of the ninth was not pleaded in abatement ; but the action went to trial upon its merits, under such circumstances and with such evidence as the plaintiff could and chose to produce. The verdict was against him. The Court decided that the defendants had a good legal defence. And from a recurrence to the facts of that case, which are fresh in our recollection, it is apparent that they had a good defence, *in foro conscientiæ*, as well as in law. The plaintiff sold his property to H. Price & Co. He gave credit to the two partners composing that firm. The other defendants paid those two for all that portion of the property which came to their use. These facts are believed to be undisputed ; and, without referring to others, show for the defendants a strong equitable defence.

We think, therefore, that under these circumstances we ought not to grant to the plaintiff facilities for the second trial of a case which has been once fully and fairly tried. The promotion of substantial justice should guide our discretion. We should endanger rather than insure the dispensation of justice between these parties, by granting this application. The plaintiff must stand on his strict legal rights. If the former judgment does not stand in his way, and he can establish a legal claim, he must prevail. But the Court, in the exercise of a discretionary power, do not feel at liberty to aid him. Grant on New Trials, 137 to 152 ; *Rogerson* v. *Neal*, 16 Pick. 370.

On this application we can discover no distinction between the several notes. If the legal rights of the parties are different, they will of course avail themselves of that difference. In relation to the claims of the promisees of the indorsed notes, for goods sold and delivered, they rest upon a distinct foundation ; and we do not perceive why they may not have a right to try these claims in their own names, unembarrassed by the

former judgment against the present plaintiff. Nor are we called upon now to decide whether these indorsed notes may be withdrawn upon the application of the respective payees, if they should have occasion to use them. We only mean to say, that the motion of the plaintiff, whether made for himself or as the agent of the other payees, cannot prevail. *Expedit reipublicæ ut sit finis litium.*

The record of the former judgment was admitted in evidence ; and we have no doubt properly. The sound and salutary rule, *nemo debet bis vexari pro eâdem causâ*, applies. A former judgment on the same cause of action and between the same parties, is always competent evidence. The best test of the identity is the admissibility of the same evidence on both trials. Here the same evidence, viz. the note, is relied upon in both cases. It is undisputed, that the cause of action was the same ; and we think, within the rules of law, the parties were the same.

It is not necessary, to constitute a legal identity, that each party on the record should be composed of the identical names and persons. It is enough that they be substantially the same. And this may often be the case when, nominally, they are different. 1 Stark. Ev. 194 ; Gilb. Ev. 34 ; Bac. Abr. *Evidence, F ; Aslin* v. *Parkin,* 2 Burr. 668 ; *Hitchin* v. *Campbell,* 2 W. Bl. 827 ; *S. C.* 3 Wils. 304 ; *Outram* v. *Morewood,* 3 East, 346 ; *Adams* v. *Barnes,* 17 Mass. R. 365 ; *Case* v. *Reeve,* 14 Johns. R. 82 ; *Calhoun's Lessee* v. *Dunning,* 4 Dallas, 120.

Had the present action been brought against the same eight individuals named in the former, the admissibility of the judgment would have been too clear to admit of question. These *eight,* therefore, ought not to be deprived of this evidence, and lose all the benefit of the former trial. It was not their fault that the *ninth* was not joined. The plaintiff ought not to complain that they did not plead the non-joinder in abatement. And as no judgment can be rendered but a joint one, the record must be admitted in favor of Copeland as well as the others, and, if not controlled, must entitle all the defendants to a verdict and judgment.

Should an action be commenced against Copeland alone,

and should he neglect to take advantage of the non-joinder of the other defendants, it is doubtful whether he could avail himself of the former judgment; but it will be time enough to decide that question when it shall arise.

As the ruling at *nisi prius* only extended to the admissibility of the record of the former trial, we have confined our decision to that point, and do not deem it proper to give any opinion upon the effect of the evidence. Whether, if specially pleaded, it would have been a bar, and whether, if used in evidence on the general issue, it is to be deemed conclusive, are questions which have been learnedly and elaborately discussed, but which, we think, do not properly arise in the case, and are not necessary to a decision of it. The record is clearly *primâ facie*, and, in the language of an eminent judge, is "*highly persuasive*" evidence; but, whether conclusive or not, we have not thought it our duty to inquire.

We have thus far confined our remarks principally, if not entirely, to the note payable to the plaintiff himself. We think they are substantially applicable to the indorsed notes. Had they been the property of the plaintiff, or been so indorsed by him as to enable him to recover upon them, no distinction could have been made. The defendant's counsel would hardly contend that indorsed notes might be sued again and again, by merely changing the name of the plaintiffs. Or, if the Court would prevent this by impounding the notes, that the same might be done upon a set of bills of exchange. Surely, in such cases, one judgment might be used in a subsequent suit, notwithstanding a change of the nominal plaintiff.

But the argument is, that these notes never ceased to be the property of the respective payees; that they were indorsed to the plaintiff in trust for and as the agent of them, and that the indorsement was not so made as to enable the plaintiff to recover upon them. And inasmuch as no judgment could lawfully be rendered in favor of the plaintiff, so the defendants can derive no benefit from the one rendered in their favor. It is true, that a verdict cannot be evidence against a man, where an opposite verdict would not be evidence in his favor. 1 Stark. Ev. 196, and cases there cited. But we do not think the doctrine of *mutuality*, at all applicable to this subject.

French
v.
Neal.

The notes were indorsed to the plaintiff as agent, and his counsel contend that the property in them was not thereby changed, and the authority given to him to collect them only authorized him to sue them in the names of the promisees. This question was discussed in the former trial. And although there is some conflict of authority on the subject, yet we cannot entertain much doubt upon it. But we do not intend to enter into an examination of it.

The notes were in the plaintiff's hands indorsed in blank. This, *primâ facie*, vested the property in him and authorized him to fill up the blank as he pleased. He had already declared upon the notes as indorsed to himself. And on the trial he wrote such an indorsement as he thought best, and doubtless such a one as he supposed would support his action. The notes were then offered, and notwithstanding the defendant's objections, were admitted in evidence, in support of the declaration. This decision never has been reversed ; and until set aside, it must be deemed, as to the plaintiff at least, valid and binding. It is *res judicata*. He knew the meaning of the indorsement, and he should be estopped from denying its sufficiency to support his declaration.

The notes were regularly in evidence before the jury, and the case was tried upon its merits. It cannot be pretended that a change in the form of the indorsement would have produced any effect upon the verdict of the jury or the judgment of the Court.

It is not necessary to consider the plaintiff's motion to alter the form of the indorsement. If the plaintiff cannot obtain the possession of the notes, he certainly cannot alter the indorsement on them. Of the general power of the Court to allow indorsements to be changed or erased, there is no doubt This power, which is discretionary, they will exercise, whenever the facts of the case warrant it, and the ends of justice require it. We have already given our reasons for declining to grant the plaintiff any facilities for a second trial of his cause.

In relation to the count for goods sold and delivered, and all the subsequent counts, it is very apparent that they are for the same causes of action which were tried in the former suit. We have endeavoured to show that the insertion of the addi-

French
*v.*
Neal.

tional defendant cannot vary them. The record of the former trial, being properly admitted and uncontrolled, entitled the defendants to a verdict. The plaintiff, upon the decision of the questions of law, by the presiding judge, became nonsuit. This decision being sustained, the defendants must have judgment. In rendering this judgment, we have no misgiving. In two full trials, conducted with great learning and ability, we have had ample opportunity to make ourselves acquainted with all the facts of the case and with all the principles of law applicable to them ; and we feel bound to say, that we are entirely satisfied with the result.

*Judgment on the nonsuit.*